```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| EMILY S. MILLER,<br><br>                              Plaintiff,<br><br>            -against-<br><br>THE ABUSIVE MEMBERS WITHIN THE<br>CITY (STATE) OF NEW YORK, et al.,<br><br>                              Defendants. | 1:19-CV-10904 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff brings this *pro se* action under the Court's federal-question jurisdiction alleging that the defendants violated her federally protected rights or otherwise injured her. She sues "The Abusive Members Within the City (State) of New York," an unidentified officer of the New York City Police Department ("NYPD"), other identified NYPD officers, "NYCH + HC/Bellevue Hospital Center," "NYCH + HC/Security Guards," an employee of New York Mental Hygiene Legal Services, her apartment building's management company, the union that represents her apartment building's employees, the New York City Human Resources Administration ("HRA"), the New York City Department of Buildings ("DOB"), and what appears to be the New York City Board of Education.

      By order dated January 13, 2020, the Court granted Plaintiff's application to proceed *in forma pauperis*. For the reasons set forth below, the Court dismisses this action for failure to state a claim on which relief may be granted, but without prejudice to Plaintiff's filing an amended complaint.

**STANDARD OF REVIEW**

      The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff brings this 432-page complaint, including exhibits, asserting claims against multiple identified and unidentified defendants.[1] The complaint is a description of many events that allegedly took place in Plaintiff's life between the 1980s and August 2018, including: the completion of her undergraduate and graduate education, her visit to the country of her birth, her marriage to her husband and the birth of their children, her professional and volunteer work, her arrests by the NYPD and her associated physical injuries, her involuntary hospitalization in the Bellevue Hospital Center and the injuries she received from that facility's staff, and her litigation in the New York State courts arising from her being hospitalized or otherwise detained. The complaint also recounts her disputes with her attorney, the HRA, the DOB, her apartment building's management company, as well as the union that represents that building's employees,

---

[1] After Plaintiff filed her complaint, she filed a 45-page collection of additional exhibits. (ECF 3.) The Court construes that document as a supplement to Plaintiff's complaint.

and her disputes with other individuals, including those with whom she had interactions while traveling in Europe.

## DISCUSSION

The Court's "special solicitude" for *pro se* pleadings, *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994), has its limits, because *pro se* pleadings still must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint's statement of claim should not be prolix (lengthy) or contain unnecessary details. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (noting that under Rule 8(a)(2), the statement of claim "should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage'") (citation omitted); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (a complaint that contains "a labyrinthian prolixity of unrelated and vituperative charges that def[y] comprehension" does not comply with Rule 8); *see also The Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs Local 15, 15A, 15C & 15D, AFL-CIO v. Tightseal Constr. Inc.*, No. 17-CV-3670, 2018 WL 3910827, at *12 (S.D.N.Y. Aug. 14, 2018) ("[C]ourts in this Circuit have dismissed complaints that are unnecessarily long-winded, unclear, or conclusory.")

Moreover, under Rule 20 of the Federal Rules of Civil Procedure, a plaintiff may not pursue unrelated claims against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2) ("Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the *same transaction, occurrence, or series of transactions or occurrences*; and (B) any question of law or fact *common to all defendants* will arise in the action.") (emphasis added)); *e.g., Peterson v. Regina*,

3

935 F. Supp. 2d 628, 638 (S.D.N.Y. 2013) ("Case law makes clear that '[i]n the absence of a connection between Defendants' alleged misconduct, the mere allegation that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a).'") (alterations in original) (quoting *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009)).

Generally, district courts must construe *pro se* complaints liberally, but "even a *pro se* litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim." *Carmel v. CSH & C*, 32 F. Supp. 3d 434, 436 (W.D.N.Y. 2014).

Plaintiff fails to make a short and plain statement showing that she is entitled to relief. Rather, she submits pleadings totaling 477 pages in length that describe unrelated incidents. The Court cannot sift through those 477 pages to determine if Plaintiff states any claims. *See id*. Moreover, Plaintiff's complaint does not suggest that any questions of law or fact are common to the defendants.

Because Plaintiff's complaint does comply with Rule 8, it does not state a claim. The Court therefore dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). But in light of Plaintiff's *pro se* status, the Court dismisses this action without prejudice to Plaintiff's filing an amended complaint that complies with Rule 8 – it must be short and plain and plausibly allege facts showing that Plaintiff is entitled to relief. The amended complaint must also comply with Rule 20 – any questions of law or fact must be common to all defendants named in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses this action for failure to state a claim on which relief may be granted 28 U.S.C. § 1915(e)(2)(B)(ii). The Court dismisses this action without prejudice to Plaintiff's filing an amended complaint in compliance with Rules 8 and 20 of the Federal Rules of Civil Procedure within 30 days of the date of this order. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing this action for failure to state a claim on which relief may be granted. *Id.*

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: February 25, 2020
       New York, New York

COLLEEN McMAHON
Chief United States District Judge